RECEIPT # 52131
AMOUNT $ 150
SUMMONS ISSUED Y-2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _m_
DATE 12-3-03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2003 DEC -3 A 10:55
U.S. DISTRICT COURT
DISTRICT OF MASS.

BMG MUSIC, a New York general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY MUSIC ENTERTAINMENT INC., a Delaware corporation,

    Plaintiffs,

v.

SHAWN O'NEIL, PEGGY O'NEIL

    Defendants.

CIVIL ACTION No.

03 12430

MAGISTRATE JUDGE Collings

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs assert the following claims against Defendants.

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.    This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendants

resides in this District, and the acts of infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

5. Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

6. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8. Plaintiff Sony Music Entertainment Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9. Plaintiffs are informed and believe that Defendants are individuals residing in this District.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

10. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

11. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings, including but not limited to the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (the "Copyrighted Recordings").

12. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

13. Plaintiffs are informed and believe that Defendants, without the permission or consent of Plaintiffs, have used, and continue to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendants have violated Plaintiffs' exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright. (Exhibit B contains a more complete listing of files Defendants have made available for distribution to the public. In addition to the sound recordings listed on Exhibit A, many of the other sound recordings listed on Exhibit B are owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels. Plaintiffs are informed and believe that virtually all of the

sound recordings listed on Exhibit B have been downloaded, distributed and/or offered for distribution without permission of the respective copyright holders.)

14. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

15. As a result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

16. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an injunction providing:

"Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of

Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendants also shall destroy all copies of Plaintiffs' Recordings that Defendants have downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

BMG MUSIC; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and SONY MUSIC ENTERTAINMENT INC.

By their attorneys,

DATED: 12/02/03

By: _____
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

Of Counsel:
Yvette Molinaro
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064-1683
Phone: (310) 312-2000
Fax:    (310) 312-3100

6



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BMG MUSIC, a New York general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and SONY MUSIC ENTERTAINMENT INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>SHAWN O'NEIL, PEGGY O'NEIL,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION No.<br>) |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Local Rule 7.3, Plaintiffs identify their parent corporations and any publicly held company that owns 10% or more of any Plaintiff's stock.

Plaintiff BMG MUSIC is a unit of Bertelsmann, Inc. and Bertelsmann AG, neither of which are publicly traded.

Plaintiff VIRGIN RECORDS AMERICA, INC's parent is EMI Group PLC, which is publicly traded in the U.K.

Plaintiff WARNER BROS. RECORDS INC.'s parent corporations are Warner Communications Inc.; Time Warner Companies Inc.; and, Time Warner Inc., which is publicly traded in the United States.

1

Plaintiff UMG RECORDINGS, INC.'s parent corporation is Vivendi Universal, S.A., which is publicly traded in the United States.

Plaintiff SONY MUSIC ENTERTAINMENT INC.'s parent company is Sony Corporation of America, which is publicly traded in the United States.

DATED: 12/02/03

BMG MUSIC; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; UMG RECORDINGS, INC.; and SONY MUSIC ENTERTAINMENT INC.

By their attorneys,

By: _____
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:   (617) 832-7000

Of Counsel:
Yvette Molinaro
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064-1683
Phone: (310) 312-2000
Fax:   (310) 312-3100

2